**Barry B. BENTE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 04–3102.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 7, 2004.

———

Before LOURIE, GAJARSA, and
PROST, Circuit Judges.

## DECISION

PER CURIAM.

Barry B. Bente appeals from the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Bente v. U.S. Postal Serv.*, No. SF–3443–02–0446–I–1 (M.S.P.B. June 28, 2002) (*"Initial Decision"*). We *affirm.*

## BACKGROUND

Mr. Bente was employed by the United States Postal Service as Postmaster of the Duarte, California Post Office. In a letter dated April 20, 2001, the Postal Service notified Bente that it would begin deducting fifteen percent of his disposable pay to offset a $50,121.11 debt that he owed to the Postal Service.* The letter also indicated that the deduction would continue until the entire debt was collected, or for an estimated 193 pay periods. Bente then retired on April 20, 2002. Because the debt had not been paid in full by that date, the Postal Service collected one hundred percent of Bente's last paycheck and terminal leave check and subsequently ap-

---

* The amount of the debt was later reduced to $40,003.61.

plied fifty percent of Bente's monthly retirement checks to the debt.

In May 2002, Bente appealed to the Board, contending that the Postal Service violated an alleged agreement to deduct only fifteen percent of his disposable pay each pay period and that it misrepresented the way in which it would change its collection proceedings. Bente also raised claims of illegal discrimination and reprisal for his prior equal employment opportunity activities. Noting that Bente's appeal did not appear to raise a matter within the Board's jurisdiction, an administrative judge ("AJ") ordered Bente to file evidence and argument alleging facts that, if proven, would show that the Board had jurisdiction over his appeal. *Bente v. U.S. Postal Serv.*, No. SF–3443–02–0446–I–1 (M.S.P.B. May 24, 2002) (*"Acknowledgement Order"*). Bente submitted a response in which he argued that his retirement was involuntary because, had the Postal Service not misrepresented how it would change its debt collection proceedings, he would not have retired until the debt was paid. The AJ then issued an order stating that Bente had not alleged facts to show that the Postal Service had either affirmatively misinformed Bente about the effect of his retirement on the debt collection process or knowingly failed to correct Bente's misapprehension about the process. *Bente v. U.S. Postal Serv.*, No. SF–3443–02–0446–I–1 (M.S.P.B. June 6, 2002) (*"Order to Show Cause"*). The AJ thus directed Bente to show cause why his appeal should not be dismissed for lack of jurisdiction. *Id.* In response, Bente again argued that the Postal Service had misled him into retiring based on his belief that the deduction from his income would be unchanged by his retirement.

In June 2002, the AJ dismissed Bente's appeal for lack of jurisdiction. In an Initial Decision, the AJ concluded that Bente had failed to allege any facts that, if proven, would show that his retirement was involuntary. *Initial Decision,* slip op. at 5. The AJ explained that Bente had not alleged facts to show that the Postal Service provided him with misinformation or failed to correct a known misunderstanding that was material to Bente's retirement decision. *Id.* Accordingly, the AJ concluded that Bente had not met his burden of establishing Board jurisdiction and dismissed the appeal. *Id.* at 5–6. The full Board denied Bente's petition for review. *Bente v. U.S. Postal Serv.*, No. SF–3443–02–0446–I–1, 95 M.S.P.R. 293 (M.S.P.B. Sept.29, 2003) (*"Final Decision"*).

Bente timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

On appeal, Bente argues that the Board erred in dismissing his appeal for lack of jurisdiction. He contends that the AJ mistakenly interpreted two payments in 2002 as retirement annuity payments, instead of treating them as regular pay period payments for which the Postal Service could deduct no more than fifteen percent without his written approval. Bente also maintains that the Postal Service misled him in his retirement decision by not responding to his phone calls and letters and by failing to provide him with "all relevant facts as to the repayment of the debt." Bente thus requests relief in the form of restoration to

his position as a Postal Service employee, back pay, and punitive damages.

An appellant bears the burden of establishing by preponderant evidence that the Board has jurisdiction over his appeal, 5 C.F.R. § 1201.56(a)(2)(i), and is entitled to a hearing only if he makes a nonfrivolous allegation that, if proven, would establish Board jurisdiction. *Staats v. U.S. Postal Serv.,* 99 F.3d 1120, 1125 (Fed.Cir.1996). An employee's decision to retire is presumed to be voluntary and does not give rise to an appealable action. *Id.* at 1123–24. However, an involuntary retirement is tantamount to a removal and, as such, is an adverse action over which the Board has jurisdiction. *Id.* at 1124. In order to overcome the presumption of voluntariness, an employee generally must show that the retirement was the product of misinformation, deception, or coercion by the agency. *Id.* Moreover, the test for involuntariness is an objective one, requiring the employee to demonstrate that a reasonable person would have been misled by the agency. *Shoaf v. Dep't of Agric.,* 260 F.3d 1336, 1342 (Fed.Cir.2001).

 We agree with the Board that it lacked jurisdiction over Bente's appeal. The AJ properly determined that the Postal Service letter dated April 20, 2001 was not an agreement, as Bente alleges, but was a unilateral action by the agency to collect on a debt by deducting fifteen percent of Bente's disposable pay until the debt was repaid. The letter clearly contemplated that Bente would continue to work for the Postal Service, as it noted that the collection would continue for an estimated 193 pay periods, and in no way suggested that the debt collection process would remain unchanged in the event that Bente retired. Moreover, we reject Bente's argument that the AJ erroneously interpreted two payments as retirement annuity payments, for the AJ expressly acknowledged the deductions from Bente's

"disposable pay for the last two pay periods of his employment." *Initial Decision,* slip op. at 5. Nor do we find persuasive Bente's argument that the Postal Service misled him by failing to inform him of "all relevant facts." Bente has not shown that the Postal Service provided him with misinformation after he informed the agency of his intent to retire or that the Postal Service knew of his alleged misunderstanding of the debt collection procedures upon retirement. Thus, the AJ properly determined that Bente failed to allege facts that, if proven, would show that the Postal Service's actions would have misled a reasonable person in making a retirement decision. We therefore conclude that the AJ did not err in treating Bente's retirement as a voluntary, and hence unappealable, action.

We have considered Bente's remaining arguments and find them unconvincing.

## CONCLUSION

For the foregoing reasons, we affirm the Board's decision dismissing Bente's appeal for lack of jurisdiction.